NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JAZZ PHOTO CORP., through its Liquidating Trustee BRIAN T. MOORE,

        Plaintiff,

   v.

DREIER LLP, f/k/a DREIER & BARITZ LLP, JOHN CROSSMAN and KAPLAN & GILMAN, L.L.P.,

        Defendants.

CIVIL ACTION NO. 05-4040 (DRD)

**OPINION**

Appearances

BUDD LARNER, P.C..
Donald P. Jacobs, Esq.
Peter J. Frazza, Esq.
Allen L. Harris, Esq.
150 John F. Kennedy Pkwy
Short Hills, NJ 07078
   *Attorneys for Plaintiff*

MARSHALL, DENNEHY, WARNER, COLEMAN & GOGGIN
John L. Slimm, Esq.
Woodland Falls Corporate Park, Ste 300
200 Lake Drive East
Cherry Hill, NJ 08002
   *Attorneys for Defendants Dreier LLP and John Crossman*

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas F. Quinn, Esq.
John P. O'Tool, Esq.
33 Washington St
Newark, NJ 07102
   *Attorneys for Defendant Kaplan, Gilman, Gibson & Dernier, L.L.P.*

<u>**OPINION**</u>

<u>**DEBEVOISE, Senior District Judge**</u>

Presently before the court is Defendants' motion to withdraw the reference of this matter to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). For the reasons set forth below Defendants' motion is denied.

***FACTS***

This is a malpractice action brought by Plaintiff Jazz Photo, Incorporated ("Jazz") against the attorneys who represented Jazz in a patent infringement lawsuit tried in front of a jury in the District of New Jersey in 2002, <u>Fuji Photo Film Co v. Jazz Photo Corp.</u>, Civ. No. 99-2937 (FSH). In that case, Plaintiffs were sued by Fuji Photo Film ("Fuji") for infringing certain patents by importing used single use, disposable cameras called "lens fitted film packages" ("LFFP"s). A key issue in the case was whether Jazz's refurbishment of the cameras constituted "reconstruction" (prohibited by patent law) or "repair" (permissible by patent law) of those cameras.

During the thirteen-day trial, the jury, by stipulation of the parties, gave an advisory verdict as to the issue of "repair" versus "reconstruction," the central disputed issue in the case. The Court issued a post-trial opinion, 249 F. Supp. 2d 434 (D.N.J. 2003), finding that approximately ninety-nine percent of Jazz's cameras were infringing either because they were "reconstructed" as opposed to "permissibly repaired" or because the cameras were not even subject to the "repair" defense. The District Court entered judgement against Jazz for nearly $30 million, resulting in Jazz filing for Chapter 11 bankruptcy. The bankruptcy proceedings have

2

been overseen by Bankruptcy Judge Morris Stern ever since.

On April 12, 2005 the Bankruptcy Court entered an order authorizing the retention of Budd Larner, P.C. as special litigation counsel to Jazz to file and pursue this malpractice action. Jazz, through its liquidating trustee Brian T. Moore, filed an amended complaint and jury demand in the New Jersey Superior Court, alleging that the three defendants committed legal malpractice and negligence in their representation of Jazz in the earlier action. For its claim of malpractice Jazz specifies five alleged acts or omissions on the part of Defendants in its Amended Complaint:

1. Entering into a stipulation that limited Jazz's proofs to those which were presented in an administrative proceeding before the United States International Trade Commission (ITC or Commission), thereby impairing Jazz's ability to prove the critical affirmative defense of permissible repair;

2. Failing to argue that a ruling of the United States Court of Appeals for the Federal Circuit should be given only prospective effect (as opposed to retroactive effect), thereby failing to cause the district court to address that argument and failing to preserve that argument for appeal;

3. Failing to present proofs at trial that were readily available and of obvious and critical importance , which would have prevented the district court's conclusion - affirmed on appeal - that Jazz failed to prove the process used to refurbish 99% of the cameras at issue;

4. Failing to present proof as to the number of cameras refurbished by two of Jazz's suppliers when such proof was important and available; and

5. Failing to properly prepare witnesses before they were called to testify at trial.

Jazz asserts claims for common law negligence, demanding judgement against defendants jointly and severally for damages, costs, and attorneys' fees in addition to attorneys' fees and expenses that Defendants have received and reasonable attorneys' fees and expenses paid to third parties.  Additionally, Jazz asserts that Dreier has filed an unsecured claim against Jazz in the Bankruptcy Court for fees and disbursements due and owing, and Jazz demands a declaratory judgement that it does not owe any defendant any money as an unsecured creditor in Bankruptcy Court.

The Defendants removed the action to this Court which referred it to the Bankruptcy Court.  Defendants have moved for partial dismissal, or in the alternative, for summary-judgement and to disqualify Budd Larner.  Those motions remain undecided in the Bankruptcy Court.  Defendant's motion to withdraw the reference is now before this court.

## DISCUSSION

Defendants claim that mandatory withdrawal of the reference in accordance with 28 U.S.C. 157(d)  is warranted and are moving the court to do so because the case in its present form centers around a malpractice claim which necessitates "substantial and material consideration of non-code statutes."  Defendants also claim that permissive withdrawal of the reference is warranted because (1) their amended complaint contains mostly "non-core" subject matter which involves difficult analysis of patent laws which were the subject of the original proceeding, and (2) Plaintiff's request for a jury trial and defendant's reluctance to consent to a jury trial in bankruptcy court will eventually require that this matter be heard in front of the district court.

28 U.S.C. § 157 states that each district court may provide that any or all proceedings arising under title 11 be referred to the bankruptcy judges for the district. Bankruptcy judges may hear and determine all cases under title 11 and all "core proceedings" arising under title 11, or arising in a case under title 11, and may enter appropriate orders and judgments, subject to review. Core proceedings are listed under paragraph (b)(2) of the statute, and include but are not limited to such matters as: (1) those concerning the administration of the estate, allowance or disallowance of claims against the estate; (2) counterclaims by the estate against persons filing claims against the estate; (3) proceedings to determine, avoid, or recover preferences; determinations as to the dischargeability of particular debt; (4) determinations of the validity, extent, or priority of liens; and (5) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d). The timing of

such withdrawal is within the discretion of the Court and often, as in the present case, it is better to delay withdrawal of the reference, and permit the bankruptcy court, with all its expertise, to separate core from non-core issues and administer the whole bankrupt estate until trial or other circumstances make withdrawal of the reference advisable.  If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.  28 U.S.C. § 157 (e).

    A. Mandatory Withdrawal

The Courts have interpreted § 157(d) to mandate withdrawal only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of non-bankruptcy code statutes.  In re White Motor Corp., 42 B.R. 693, 705 (N.D. Ohio 1984).  Defendant cites In re G-I Holdings, Inc.,  295 B.R. 222 (D.N.J. 2003) in arguing that the present case warrants mandatory withdrawal.  However, in that case the court determined that withdrawal was mandated where the interpretation of non-bankruptcy law was one of first impression because neither party, nor the Court, could find any case law directly interpreting the tax claims at issue in the case.  Id. at 224.  Although the non-moving party cited numerous cases where bankruptcy courts have interpreted state law, the court noted that G-I Holdings involved significant interpretation of the Internal Revenue Code, and there is a Congressional presumption in favor of Article III courts conducting such interpretation.  Id. at 224-225.

Defendants additionally rely upon The Singer Company, N.V., No 01 Civ. 0165, 2002 WL 243779 (S.D.N.Y. 2002), and In re National Gypsum Company, 145 B.R. 539 (N.D. Tex.

1992) to show that cases involving substantial patent infringement litigation are complex and require withdrawal per the statute.  The present case is a malpractice action arising from a previous patent infringement case.  Although an understanding of the record will be required to litigate this case, such an understanding has been effectively demonstrated by Judge Stern in the written opinion cited in Plaintiff's response.  312 B.R. 524 (Bankr. N.J. 2004).  Judge Stern has spent many months preparing for and dealing with various phases of Jazz's Bankruptcy proceedings and at this point in time is much better equipped to deal with the case than this Court.  Despite Defendants' argument to the contrary, presently there is no need to retry the patent infringement case in order to litigate the malpractice action.  The District Court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources and expediting the bankruptcy process.  Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985).  These factors suggest that the entire proceeding should remain in the Bankruptcy Court at least for the present time.  On occasions when the court grants motions for mandatory withdrawal, it is done so when complicated interpretive issues, often of first impression, have been raised under non-bankruptcy code federal laws.  In re Adelphi Institute, Inc., 112 B.R. 534, 537 (S.D.N.Y. 1990).  Here there is no such issue that has to be decided now.

      B. Permissive Withdrawal

Defendants also argue that the Court should consider the factors outlined in Holland in deciding whether to permissively withdraw the reference.  Defendants cite In re Northwestern Institute of Psychiatry, Inc., 272 B.R. 104 (E.D.Pa. 2001) in arguing that an important factor to consider in determining whether to withdraw the reference is whether there has been a jury

7

demand.  Additionally, Defendants argue that since this case is best described as a "mix of core and non-core" matters, withdrawal is warranted.

With regards to the core/ non-core issue, if there are certain non-core issues involved in the present case, then the bankruptcy judge may hear the preliminary proceedings and if it should be necessary, make recommendations on dispositive motions based on his proposed findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).

Additionally, although bankruptcy courts cannot conduct jury trials unless all parties consent, as the Plaintiff notes in his brief, there is no reason why a bankruptcy court may not preside over an adversary proceeding and adjudicate discovery disputes and motions until such time as the case is ready for trial.  In re Lands End Leasing, Inc., 193 B.R. 426, 436 (Bankr D.N.J. 1996).  In the meantime, the bankruptcy estate will be the subject of uniform administration rather than traveling along two paths at the same time.

## CONCLUSION

For all the reasons stated above, Defendants' motion to withdraw the reference to the Bankruptcy Court is denied without prejudice to be renewed for good cause shown.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

September _____, 2005

8